UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                   **Hon. Hugh B. Scott**

                  v.

                                                 07CR58S

TYRONE MAURICE CHAMBERS,                         **Order**

                Defendant.

      The instant matter before the Court is defendant's omnibus motion (Docket No. 6[1]) which seeks the following relief: disclosure of informants' identities; "compel discovery and/or production of items and to bar introduction of expert testimony at trial"; production of Brady material; disclosure of Federal Rules of Evidence 404(b), 608, 609 evidence and "to bar introduction of Rule 404(b) evidence at trial"; production of Jencks Act statements; preservation of agents' rough notes; counsel participation in voir dire; pretrial production of Government summaries; voir dire of Government experts outside the presence of jurors; and disclosure of grand jury transcripts. Defendant also moves to suppress evidence seized from him and found at premises alleged to be in his control (id.); that motion is considered in a separate Report & Recommendation. Also before the Court is the Government's reciprocal motion for discovery from defendant (Docket No. 7, Gov't Response at 14-15).

      The motion was argued on April 19, 2007 (Docket No. 4). During argument, the Court orally granted defendant's requests for production from probation of certain items surrounding its

---

[1]In opposition to the portions of this omnibus motion considered in this Order, the Government filed its response, Docket No. 7, Response at 6-15.

search policies for defendants under supervised release, any Administrative Orders of this Court adopting probation search policies, a request to search this defendant and his residence, and an <u>in camera</u> review of defendant's probation file.  An Order was duly entered as to this disclosure (Docket No. 10) and then a second Order was issued for limited disclosure of the <u>in camera</u> documents (Docket No. 12).  Meanwhile, the Government filed a further responding memorandum (Docket No. 11).  An evidentiary hearing was held on August 29, 2007, and further submissions were due thirty days after receipt of the transcripts from that hearing (Docket No. 18), which was filed on February 27, 2008 (Docket No. 21).  Following a conference on March 14, 2008, parties had until April 18, 2008, to file their respective post-hearing submissions on the suppression portion of the motion (Docket No. 23), later extended (on motion, <u>see</u> Docket Nos. 24, 25) to May 21, 2008 (Docket No. 26), and then to June 23, 2008 (Docket Nos. 30, 28, 29).  On June 23, 2008, the parties submitted their respective post-hearing submissions (Docket Nos. 31 (defendant), 32 (Government)) and the motion was deemed submitted on June 23, 2008.

**BACKGROUND**

Defendant was indicted in a single count Indictment for being a felon in possession of a firearm, a .45 caliber Colt semiautomatic pistol, on January 12, 2007, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Docket No. 1, Indictment).  Defendant was arraigned on March 14, 2007, and pled not guilty (Docket No. 2).

*Prior Conviction and Alleged Probation Violation*

In January 2005, defendant pled guilty to a single count felony information of conspiracy to distribute cocaine (United States v. Chambers, No. 04CR180, Docket No. 14) and was sentenced to a term of imprisonment of thirty months followed by a term of supervised release of six years (United States v. Chambers, No. 07CR58, Docket No. 7, Gov't Response, at 1; Aug. 29, 2007, Hearing Gov't Ex. 1; see United States v. Chambers, No. 04CR180, Docket No. 27). At issue in the present case is this term of supervised release and the conditions thereunder.  One of the standard conditions for supervised release was for defendant to report any changes of his address to the Court's probation department ("probation") within ten days of such change (United States v. Chambers, No. 07CR58, Docket No. 7, Gov't Response, at 1), with a special condition that he would submit to a search of his person, property, vehicle, place of residence or any other property under his control.  Other conditions included that he answer truthfully all inquiries by probation and to follow the instructions of probation officers and submit a truthful and complete written report to probation every month (Docket No. 8, Def. Ex. D, Def. Order of Conviction, at 3).

On May 1, 2006, defendant was released from prison and admitted to supervised release. (Docket No. 7, Gov't Response at 1-2.)  According to the Government, defendant listed as his residence 237 Sherman Street, Buffalo, New York, but his probation case officer had difficulty finding defendant there (id. at 2).

*Steps Leading to Search of Howard Street Premises*

Probation attempted to confirm (among other things) defendant's current residence.  The Government states that, in December 2006, the probation case officer received information that

defendant may have been residing either at 40 Howard Street or 285 Northland Avenue, both in Buffalo (id.), and neither addresses were disclosed to probation by the defendant. While observing the Howard Street address, the case officer called defendant and asked where defendant was. Defendant replied that he was walking on William Street. The probation officer asked to meet defendant at the Sherman Street address (his grandmother's house) and he agreed. (Id.) Approximately five minutes later, the officer observed defendant leave the Howard Street address and saw defendant enter a sports utility vehicle. On December 19 and 21, 2006, and January 5, 2007, defendant was observed leaving Howard Street or parking the same sports utility vehicle at that address (id.).

The probation officer sought a Request to Search ("Request") to search the Howard Street address from the Supervising Probation Officer and the Chief Probation Officer on December 15, 2006,. This procedure is consistent with probation's search and seizure policy (effective Feb. 2005). The Request sought "drugs, paraphernalia, [and] guns" (Aug. 29, 2007, Evid. Hearing, Gov't Ex. 3) and was justified because defendant was not at his stated address and surveillance detected him at the Howard Street address.

On January 12, 2007, probation officers made contact with defendant at the Northland Avenue address (the address of defendant's girlfriend) (id.). Defendant was searched there, leading to the discovery of the key that opened the Howard Street residence. Defendant was searched at the Northland address with no contraband found on him. The probation officer did find keys on defendant and seized them from him (Docket No. 6, Def. Motion at 4; Docket No. 7, Gov't Response at 2). The Government justified defendant's search on safety grounds and the special condition contained in his judgment authorizing such searches (Docket No. 7, Gov't

Response at 2-3). According to the Government, the search resulted in seizure of keys and a rent receipt for 40 Howard (id. at 3). Probation then seized the defendant, took the key chain and went back to Howard Street. Defendant alleges that without any warrant or suspicion probation officers searched Howard Street and found a firearm under the couch. (Docket No. 6, Def. Motion at 4.) Defendant denies possession of the weapon (id.). The Government states that when questioned about the Howard Street address defendant denied any contact with that address that he just paid the rent. A search of defendant's vehicle (again pursuant to the special conditions imposed for his release) resulted in the seizure of a National Fuel Gas bill for 40 Howard in defendant's name. (Docket No. 7, Gov't Response at 3.) When probation officers entered (with the key seized from defendant) and searched 40 Howard, they found defendant's clothing and documentation with defendant's name indicating that defendant resided there (id.).

Supervised release was revoked in defendant's 2004 case (United States v. Chambers, No. 04CR180, Docket No. 30). On defendant's motions (United States v. Chambers, No. 04CR180, Docket Nos. 32, 35) to dismiss the Violation Petition and Amended Violation Petition (see United States v. Chambers, No. 04CR180, Docket Nos. 28, 33), the Court granted in part and denied in part these motions (United States v. Chambers, No. 04CR180, Docket No. 37). On June 25, 2007, the Court dismissed the Amended Violation Petition without prejudice (United States v. Chambers, No. 04CR180, Docket No. 47). Meanwhile, the Indictment in this case was filed on March 7, 2007 (United States v. Chambers, No. 07CR58, Docket No. 1).

*Defense Motion*

Defendant argues that probation obtained permission from some unknown source to search defendant and the Howard Street and Northland Avenue addresses. He denies ever giving probation permission to search him for either address as well as denies living at either address. (Docket No. 6, Def. Motion at 4.) Defendant was searched at the Northland address on January 12, 2007, with no contraband found on him. The probation officer found keys on defendant and seized them from him (id.; Docket No. 7, Gov't Response at 2).

In this motion, defendant argues that the search of his person and the seizure of the keys was warrantless and without suspicion (Docket No. 6, Def. Motion at 4, 5). He sought production of the authority for probation to conduct this search and seizure–such as its policy statement, adoption of that policy by this Court in a Standing or Administrative Order and the particular request to search defendant (id. at 4, n.2, 13), which was granted (Docket Nos. 10, 12). He sought to suppress his statements made at Northland Avenue while he alleges he was in custody by probation officer or officers (Docket No. 6, Def. Motion at 9). Defendant also seeks disclosures (id. at 10-12 (disclosure of informants' identities), 12-13 (discovery of items and bar expert testimony), 14-17 (production of Brady material), 17-18 (disclosure of Fed. R. Evid. 404(b), 608, and 609 evidence, and to bar Rule 404(b) evidence at trial), 18-19 (production of Jencks Act statements), 19-20 (preservation of rough notes), 20 (counsel participation in voir dire), 20-22 (pretrial production of Government summaries), 22-23 (voir dire of Government experts outside the presence of the jury), 23 (disclosure of grand jury transcripts)) that will be addressed herein.

Following argument of this motion on April 19, 2007 (Docket No. 9), the Court entered an Order to compel the Government to produce materials relevant to probation's authority to conduct this type of search and seizure and authorization for this particular search. The Order also called for production of defendant's probation file for in camera review to determine what could be produced to defendant (Docket No. 10). The Court then issued an Order outlining the parts of defendant's probation file that could be produced to him (Docket No. 12).

**DISCUSSION**

Defendant received some discovery related to the suppression relief he sought (see Docket No. 12). Thus, at issue here is whatever remaining disclosures that have not been produced to defendant.

I.   Disclosure of Informants' Identities

Defendant seeks the pre-trial disclosure of the identity of any informants in this case (Docket No. 6, Def. Motion at 10-12). The Government is not required to furnish the identities of informants unless it is essential to the defense. Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.) cert. denied 489 U.S. 1089 (1988) (Docket No. 7, Gov't Response at 6-7). The Government argues that defendant has been provided with the applications for interception orders and he is therefore aware of the particulars of information provided to the Government by the confidential informants (id. at 7). Rule 16 also does not require the Government to disclose the names of witnesses prior to trial. United States v. Bejasa, 904 F.2d 137, 139 (2d Cir.), cert. denied, 498 U.S. 921 (1990). Moreover, the Government has stated that disclosure of identities and impeachment materials may be addressed through Brady and Jencks Act materials to be provided upon Court Order (id. at 7-8).

Defendant has not established that the pre-trial disclosure of the identities of any informants is essential to his defense. This request is **denied**.

II.     Discovery and Exclusion of Expert Testimony

   A.     Discovery

Next, defendant moves for various items of pretrial discovery (Docket No. 6, Def. Motion at 12-13). Defendant states that some disclosure had been provided to him but he seeks various items to ensure that all disclosure has been made (id. at 12). In particular, defendant sought production of the probation file (id. at 13) which was produced (in part) after in camera inspection by the Court (Docket No. 12). Pursuant to Rule 16(a)(1)(C), defendant also seeks production of various documents, books, records, photographs, and other tangible objects in the possession, custody or control of the Government (Docket No. 6, Def. Motion at 12-13).

The Government responds that it provided all appropriate materials to defendant and that the Government agrees to allow inspection and copying of photographs, documents, tangible objects, and test results, as well as examine materials with probation and Bureau of Alcohol, Tobacco and Firearms (Docket No. 7, Gov't Response at 8).

Although there is no general constitutional right to pretrial discovery in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain matters. For example, under the Fifth Amendment's due process clause, a defendant is entitled to specific exculpatory evidence which is material either to guilt or punishment. In addition, the Government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500.

Pursuant to Rule 12(d)(2), defendant also requests that the Government give notice of its intention to use at trial any evidence which is discoverable under Rule 16 (Docket No. 6, Def. Motion at 13). Such notice, under the rules, avoids the necessity of a defendant having to move to suppress evidence which the Government does not intend to use.

The Government states generally that the evidence that it has produced (or offered to allow defendant to inspect) shall be used by the Government against him at trial (Docket No. 7, Gov't Response at 8). This request is hereby **granted**.

B.   Bar of Government Experts

Pursuant to Rule 16(a)(1)(D), defendant has requested the production of the results of any physical or mental examinations or scientific tests, as well as expert disclosure and reports by the Government's proposed experts (id. at 12). Pursuant to Rule 16(a)(1)(E), defendant seeks a written summary of any expert testimony that the Government intends to use in its direct case, along with the expert's qualifications, and the basis for the expert's opinion, whether or not the expert files a report. The Government fails to directly respond to this particular request in any way. This request is **granted**.

Defendant also seeks to bar expert testimony absent prior disclosure of expert's name, credentials, reports, and conclusions (Docket No. 6, Def. Motion at 13). The Government has not addressed this issue or stated when it intended to produce its expert disclosures to avoid potential preclusion. Since this decision may suppress evidence and is beyond the jurisdiction of a Magistrate Judge to order, this Court defers this issue to the District Judge handling the trial of this action.

III.   Production of Brady Material

Defendant has requested that the Government disclose all materials potentially favorable to the defendant, including information to be used for the impeachment of the Government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny (Docket No. 6, Def. Motion at 14-17). Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [Government's] witness." United States v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

Defendant's motion identifies numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which they seek to obtain. The Government's written response is that it agrees to produce impeachment Brady material at the same time it produces Jencks Act materials pursuant to the schedule ordered by the District Court (Docket No. 7, Gov't Response at 11).

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the Court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, . . . sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents

can be avoided." United States v. Percevault, 490 F.2d 126 (2d Cir. 1974); United States v. Green, 144 F.R.D. 631 (W.D.N.Y. 1992) (Heckman, Mag. J.).

The instant case does not appear to be unusually complex. Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) is sufficient in this case.

IV.     Rule 404, 608 and 609 Evidence

Defendant next requests disclosure of all evidence of prior bad acts that the Government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b). He also requests disclosure of all evidence of prior bad acts that the Government intends to use for impeachment of the defendant should he testify at trial, pursuant to Rules 608(b) and 609(a). (Docket No. 6, Def. Motion at 17-18.) The Government responds that it will inform defendant of its intent to use "other acts" evidence under Rule 404(b) or evidence under Rule 608(b) when ordered by the Court (Docket No. 7, Gov't Response at 12). The Government intends to use defendant's criminal history if defendant intends to testify (id.).

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." Production at the time of the pretrial conference in this case of Rule 404 and Rule 608 evidence **is sufficient in this case**.

V.      Disclosure of Jencks Act Material

11

Defendant next seeks disclosure of material subject to the Jencks Act, 18 U.S.C. § 3500, no later than four weeks prior to trial (Docket No. 6, Def. Motion at 18-19). The Jencks Act governs the disclosure of information and statements relating to the Government's witnesses. Generally, according to the Jencks Act, the Government need not disclose such information regarding its witnesses until <u>after</u> the witness has testified at trial. In this case, the Government has agreed to disclose this information no later than two weeks prior to trial (Docket No. 7, Gov't Response at 12). Defendant has not established that prior disclosure of Jencks material is essential to the preparation of a defense in this case. Thus, the Government's proposed disclosure timing **is accepted**.

VI.  Preservation of Evidence

Defendant has also requested preservation of rough notes and other evidence taken by law enforcement agents involved (Docket No. 6, Def. Motion at 19-20). The Government has agreed to preserve all items of evidence (Docket No. 7, Gov't Response at 13).

VII.  Counsel Participation in <u>Voir Dire</u> and <u>Voir Dire</u> of Government Experts

Next, defendant seeks to have his counsel participate in <u>voir dire</u> and seeks to conduct <u>voir dire</u> of Government experts outside the presence of the jury (Docket No. 6, Def. Motion at 20, 22-23).

These motions are addressed to the District Judge conducting the trial of this matter and will not be considered now.

VIII.  Production of Government Summaries

Defendant next seeks production of any Government summaries of evidence prior to trial (Docket No. 6, Def. Motion at 20-22). The Government agrees to produce any summaries it intends to use at trial (Docket No. 7, Gov't Response at 13).

IX.    Grand Jury Transcripts

Finally, defendant seeks production of all grand jury transcripts for this Indictment (Docket No. 6, Def. Motion at 23). The Government has not addressed this motion.

Defendant argues that he has a particularized need for these transcripts "in order to present a vigorous defense" which outweighs grand jury secrecy (id., citing, e.g., Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400 (1959)). There are occasions "when the trial judge may in the exercise of his discretion order the minutes of a grand jury produced for use on his cross-examination at trial. Certainly 'disclosure is wholly proper where the ends of justice require it,'" Pittsburgh Plate Glass, supra, 360 U.S. at 400 (quoting United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 234 (1940)). The burden is upon defendant to show a particularized need exists that outweighs the policy of grand jury secrecy, id. Particularized need includes impeachment of witness at trial, refresh recollection, and testing witness credibility, United States v. Proctor & Gamble Co., 356 U.S. 677, 683 (1958).

As was held in the Pittsburgh Plate Glass case, supra, 360 U.S. at 400, defendant here has not made a showing of particularized need, but cf. Dennis v. United States, 384 U.S. 855, 872-73 (1966) (Court found that defense did not fail to make out a particularized need, listing the circumstances of particularized need). Merely stating the desire to make a vigorous defense in general does not show a particular need for a given portion of the grand jury testimony (such as

specify which witness's testimony is necessary for that vigorous defense) or show whether that grand jury testimony is needed for impeachment, refreshing recollection or testing credibility.

Defendant's motion on this ground is **denied**.

X. Government's Reciprocal Discovery

In its response, the Government seeks reciprocal discovery from defendant (Docket No. 7, Gov't Response at 14-15), without objection by defendant. Under Rule 16, the Government is entitled to production of documents in defendant's possession that he intends to use in his case-in-chief. Therefore, the Government's motion is **granted**.

## CONCLUSION

For the reasons stated above, so much of defendant's omnibus motion (Docket No. 6) seeking various forms of discovery is **granted in part, denied in part, or deferred to action by the District Judge**, as discussed in detail above. The Government's motion for discovery (Docket No. 7, Gov't Response at 14-15) is **granted**.

So Ordered.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
July 21, 2008